UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMION V. JACKSON, Jr.

        Plaintiff,

      v.                                   Case No. 25-cv-616-bhl

CASEY SCHMUDE, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Damion V. Jackson, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983. Dkt. No. 1. Jackson paid the filing fee in full on May 16, 2025. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well

as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Jackson is an inmate at the Waupun Correctional Institution who suffers from a hearing disability. Dkt. No. 1. Defendants are Inmate Complaint Examiner (ICE) Casey Schmude, Lisa Maylen, Americans with Disabilities Act (ADA) Coordinator Jennifer Laack, Correctional Officer (CO) Jacob Gripentorg, Lisa Schuman, Ashely Haseleu, Warden Brad Mlodzik, Restrictive Housing Unit (RHU) Manager Kurst, and Department of Corrections (DOC) Secretary Jared Hoy. *Id.* at 1-2.

According to the complaint, on or around September 25, 2024, Jackson entered into an "ADA Settlement Agreement" in connection with his hearing disability. *Id.* at 6. About a month later, on November 8, 2024, ADA Coordinator Laack called a meeting to talk about accommodations. *Id.* at 3. Jackson requested headphones, a watch, an ID lanyard, a door magnet, and an impairment phone. *Id.* Shortly after the meeting, Jackson transferred out of the institution

2

to a county jail for a court appearance, returning to the institution on December 5, 2024. *Id*. When he returned to the institution, his "property" was gone. *Id*. Jackson filed numerous requests for the hearing impairment supplies agreed upon under the ADA Settlement Agreement, but they were not provided, and he was continuously told to be "be patient." *Id*. at 3-6. ICE Schmude and Warden Mlodzik denied and/or returned inmate complaints he filed. *Id*. at 3-5. Ms. Maylen told him that his hearing aids had been ordered in January 2025, but that he had to be "fitted" for them, and WCI staff failed to take him to several scheduled appointments. *Id*. at 4. The next available appointment would be "sometime in March." *Id*. RHU Manager Kurst never responded to his health service requests asking why he wasn't taken to his hearing aid fitting appointments. *Id*. at 5. In April 2025, Jackson finally saw someone for his hearing aids, but he still did not actually receive his hearing aids at the time. *Id*. ADA Coordinator Laack then left her position as the ADA Coordinator, and Jackson still has not received any accommodations agreed upon through the "ADA Settlement Agreement." *Id*. at 6.

For relief, Jackson seeks monetary damages and "an immediate transfer from WCI." *Id*. at 7. He also wants ICE Schmude and Warden Mlodzik fired for "constantly abusing their positions." *Id*. He wants CO Grippentrog "demoted and assigned to a different unit." *Id*. And he wants Ms. Maylan, ADA Coordinator Laack, RHU Manger Kurst, Ms. Haselu, and Ms. Schuman to be required to do "follow-ups and rounds" to address serious issues. *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

Jackson states that he wishes to enforce an "ADA Settlement Agreement" he entered into in September 2024. Although Jackson checked off a box in the complaint form indicating that he is suing under federal law, *see* Dkt. No. 1 at 7, his claim actually arises under state law because "[a] disagreement about whether parties to a settlement have honored their commitments is a contract dispute." *See Jones v. Ass'n of Flight Attendants-CWA,* 778 F.3d 571, 573 (7th Cir. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, at 378, 381 (1994)). Indeed, the Court analyzes the substance of a *pro se* complaint to determine what law applies rather than simply accepting "which box the plaintiff checked." *Davis v. Murphy*, No. 20-CV-664-PP, 2020 WL 6361873, at *3 (E.D. Wis. Oct. 29, 2020). Here, Jackson reiterates throughout his complaint that he wishes to enforce an ADA Settlement Agreement, and that he wants various individuals to act consistent with the terms of the agreement, so it is clear that he is attempting to assert a breach of contract claim (not a federal claim). Because all parties are citizens of the same state (Wisconsin), this Court does not have diversity jurisdiction under 28 U.S.C. §1332 to settle a contract dispute. Therefore, this Court lacks subject matter jurisdiction over this case. Because no amendment can confer diversity jurisdiction over Jackson's state law contract claim, the opportunity to amend the complaint would be futile, and the Court will dismiss this case. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021).

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 4, 2025.

s/ *Brett H. Ludwig*
_____
BRETT H. LUDWIG
United States District Judge

4